UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROBERT GREEN III,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 5:21-CV-626-XR |
| | § | |
| **LOWE'S COMPANIES, INC. and UNKNOWN EMPLOYEE,** | § | |
| | § | |
| Defendant. | § | |

**O R D E R**

On this date, the Court considered its jurisdiction over this removed case. This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff Robert Green III filed this action in state court against Lowe's Companies, Inc. and an "Unknown Employee." The lawsuit arises out of a trucking accident involving Plaintiff and the "Unknown Employee," who Plaintiff alleges was employed by Lowe's Companies, Inc.

On July 1, 2021, Lowe's Companies, Inc. removed the action based on diversity, stating it "is incorrectly named and is not a proper party to this lawsuit" and "[t]he correct legal entity is Lowe's Home Centers, LLC, which is a foreign Limited Liability Company organized and existing under the laws of the State of North Carolina." ECF No. 1 ¶ 11. The Notice of Removal identifies the members of Lowe's Home Centers, LLC and their citizenship, but fails to identify the citizenship of Lowe's Companies, Inc., which is the named Defendant. The Notice of Removal further states, "Because the Plaintiff is a resident of the State of Texas and Defendant Lowe's Home Centers, LLC, the proper name of Defendant, and all of Defendant's members are residents

and citizens of the State of North Carolina, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332." *Id.* ¶ 12.[1]

As noted, the Notice of Removal contains no citizenship allegations as to Lowe's Companies, Inc., the named Defendant.[2] Although Lowe's asserts that Lowe's Companies, Inc. is "incorrectly named and an improper party," it is unclear whether Lowe's is asserting misnomer or misidentification, since Lowe's Companies, Inc. states *both* that it is incorrectly named (a misnomer) *and* an improper party (misidentification). As the Fifth Circuit recently explained in a similar case:

> A misnomer exists when a plaintiff sues the correct entity under a mistaken name; a misidentification "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *See Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999). Here, Valencia named Allstate Texas in his petition and served Allstate Texas through its registered agent as confirmed by the Texas Secretary of State's records. It is Allstate Texas, not Allstate Illinois, that Valencia maintains he intended to sue and from which to seek recovery. A misnomer does not exist under these facts. Moreover, even if Valencia had misidentified Allstate Texas Lloyds, Inc., such misidentification would not justify Allstate Illinois' unilateral action in this case. There are circumstances in which a misidentification may be overlooked, e.g., when "there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.* at 830. But such circumstances concern questions about the statute of limitations that are not relevant here.

*Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 597 (5th Cir. 2020).

---

[1] The Notice of Removal did not contain citizenship allegations for the Unknown Employee, which is consistent with 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). However, if a non-diverse defendant is later substituted in place of the "Unknown Employee," that would destroy diversity and require remand. Plaintiff has alleged on information and belief that the Unknown Employee is a resident of Texas.

[2] The Notice of Removal also does not expressly allege that Plaintiff is a citizen of Texas, though it does allege that he is domiciled in Texas.

Further, although Exhibit A to the Notice of Removal indicates that "a certified copy of the state court docket sheet" is included in Exhibit B, the Court is unable to locate a state court docket sheet. There is no indication in the record before the Court that Lowe's Companies, Inc. has filed an answer, though the time for filing an answer has passed. *See* FED. R. CIV. P. 81.

On the record before the Court, it is unclear whether this is a misnomer or misidentification situation, though it appears to be a misidentification situation.[3] If Plaintiff sued Lowe's Companies, Inc., then the Court must have proper citizenship allegations to determine whether diversity existed at the time of removal as between Plaintiff and Lowe's Companies, Inc., regardless of whether Defendant asserts that Lowe's Home Centers LLC is the proper party. *See Green v. Allstate Texas Lloyds, Inc.*, No. 3:21-CV-963-S, 2021 WL 2516681, at *3 ("Defendant's position that Allstate Texas Lloyds is the proper party is immaterial to the question of whether this Court has subject matter jurisdiction to hear this case.").

If diversity (and thus jurisdiction) did not exist as to the only named defendant in the action when the suit was removed, a district court cannot ignore the named defendant's citizenship and create jurisdiction based on diversity by substituting a diverse party. *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006) ("Rule 21 does not allow for substitution of parties to create jurisdiction. The district court therefore abused its discretion by adding Allstate Illinois as a defendant, dropping Allstate Texas from the suit, and thereby asserting removal jurisdiction based on diversity."); *Marin v. AA Barrera Berlanga, Inc.*, No., 2018 WL 8619805, at 3 ("[T]he Court cannot disregard the citizenship of AA Barrera Berlanga simply because Transportes, and now Carillo, have declared themselves to be the proper defendant").[4] Accordingly, clarification about whether this is a misidentification situation is needed and, if it is a misidentification, proper citizenship allegations as to Lowe's Companies, Inc. are essential.

---

[3] The Notice of Removal states that Lowe's Companies, Inc. was served. And the Rule 7 Disclosure Statement states that Lowe's Home Centers, LLC is a wholly owned subsidiary of Lowe's Companies, Inc., indicating they are separate, existing entities.

[4] An improper joinder analysis as to Lowes Companies, Inc. would not be appropriate, since the Fifth Circuit has held it does not apply to single defendant cases. *See Salazar v. Allstate Texas Lloyd's, Inc*., 455 F.3d 571, 574 (5th Cir.2006) (holding fraudulent joinder analysis inapplicable where a plaintiff sued only one defendant, because the plaintiff was not attempting to force any other defendant to remain in state court).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Accordingly, Defendant is ORDERED to file, no later than **Monday, August 16, 2021**, a supplement to its Notice of Removal addressing whether Lowes Companies, Inc. and Lowes Home Centers, LLC are two separate legal entities. If they are, Lowe's Companies, Inc. must also affirmatively allege facts showing its citizenship under § 1332(c)(1). Failure to supplement as ordered will result in this case being remanded for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

It is SO ORDERED.

SIGNED this 3rd day of August, 2021.

_____
Xavier Rodriguez
United States District Judge